I have a very fundamental question and perhaps you can answer it in the simplest possible terms because I really don't understand how we've gotten to this point. He represents Chrysler. I know that. The initial complaint named 36 plaintiffs with residences in 15 states. That complaint did not allege any specific violation of the substantive law of any state. Only all common law. By the time Judge Lifland denied class certification, we were at the third amended complaint. You had over 100 plaintiffs, 52 jurisdictions, and still no allegation that the substantive law, any particular substantive law of any particular state has been violated. How did we get to the point where $4.6 million in attorney's fees and costs has been awarded under a fee-shifting provision of California law? What substantive law of California was violated here? What was pled and what was violated? I can't find it. It's not in there. The record, the plaintiff did not plead any specific California provision. They're only hooked to jurisdictions with federal statutes, the Maximum Law Act, which barred jurisdictions in this case because there were not enough plaintiffs. And so the case should never have been in federal court. No, that's a different issue. But there was never any adjudication of California law. So why hasn't Chrysler been in here screaming bloody murder over the last X number of years? In a sense, it did scream bloody murder. In the district court, over and over, Chrysler tried to get the case dismissed, tried to bar attorney's fees, tried to get the case dismissed under a fictional ground. Class certification was denied. No, but not specifically on what I'm saying. I'm saying I have not seen and I have counted. Talk about anal preparation. There are 277 pages of complaint filed in this case. There has not been one specific violation of substantive law of any state alleged. Your Honor, I couldn't agree more. One of our arguments is that California law was not pled, no claim was pled, no claim was adjudicated. The statute for attorney's fees is a procedural statute, a catch-all. It's not built into any substantive claim. But the statute, the California statute says upon motion, a court may award attorney's fees to a successful party against one or more opposing parties in any action which has resulted, et cetera. Do you read that to be any action anywhere in the world? I don't, Your Honor. I don't think it applies to this case in New Jersey at all. It applies to California cases. Exactly, and we researched this, Your Honor, exhaustively. I've not been able to find one single case in American history in any jurisdiction, state or federal, that defied this California statute. Shouldn't that be your first argument? Shouldn't that have been your first argument all along? I mean, all this jurisdictional stuff, can't you hit us with – I didn't want to bother you with the other stuff, but I'll go right to it, Your Honor. Well, I'd like to ask you a question that's on Chrysler's rather than on plaintiff's problems, if I can. If my colleagues will let me. My question is, you take the position that you can't have an individual Magnuson-Moss claim combined with a separate class action, whether the class action belongs in or not. I'd like to know the basis for that. Your Honor, I think it's the plain language of the statute which says – Well, go ahead. No claim shall be cognizable in a suit brought to the federal court if the action is brought as a class action and the number of claims is less than 100. Okay. Now, you could have – is there any reason why you couldn't have separate suits, one brought as a Magnuson-Moss action and one brought as a diversity action, separate? There was not complete diversity here, Your Honor, so they would not have had – I thought they knocked out the New Jersey – where was Chrysler? Chrysler's in Michigan. Are there any Michigan plaintiffs? It was filed on citizens of every state plus two more jurisdictions, so there was not diversity. Theoretically, though, is there any reason you couldn't have a separate Magnuson-Moss action and a diversity action that really is a diversity action? Theoretically, Your Honor, if the class is improperly defined, but there might be a claim-splitting argument because the Magnuson-Moss action is a current jurisdiction, but I think that would raise separate issues. Yeah, but you could have those and then a district court could combine them, could consolidate them if they arose out of the same transaction. I'm trying to find out what the theoretical basis is for this argument that they can't be joined in a complaint. What's the harm? Well, two things, Your Honor. The statute was drafted by Congress in order to put limits on jurisdiction for class actions that don't belong to the federal government. But they don't talk about the joined issue. They don't talk about joined. But a class representative, Your Honor, who has individual claims that don't belong to the class is thrown into an immediate conflict with the class representative and has to stand in the shoes of the class member. So if there was an individual claim and a class claim, I don't think I've seen a case actually adjudicated that way because the class members then have separate interests. Well, the Second Circuit's Abraham case certainly suggests we can do that. They ultimately said there couldn't be no class and said, well, maybe the individual action should go forward. And I don't think the defendants raised the argument. We're arguing that if the Magnuson-Moss Act claim is included in a complaint, and this was called a class action complaint, there's no question about it, then there's no jurisdiction. It can't be used as a jurisdictional book in the federal court unless there are at least 100 named plaintiffs. And it's very clear the Abraham case didn't address that. You've waited some seven or eight years before you challenged jurisdiction. Why should you be able to do that? Because they could have amended their complaint if you hadn't waited so long. They did amend their complaint, but that was not enough to salvage jurisdiction. At the time of filing the rule, jurisdiction was measured. At the time of the filing of the original complaint, they might have been able to. Does the Third Circuit have any such case? Yes. On the time of filing? On the time of filing. The Rosa case from this court, which says it is firmly established, the court said it is a federal question case, that it's firmly established that subject matter jurisdiction is judged at the time of filing. They could have filed a new action instead of amending their complaint. Before the statute of limitations had run. If you had challenged it in time. But one of the reasons, Your Honor, that that would not have been attractive to them is the plaintiffs raced into federal court, tried to get a complaint done, filed, because there were a bunch of other class actions filed, and this is a pattern in class action cases. Then the plaintiffs' lawyers argued that even though there was a federal investigation going on, voluntary recall, the claim is that their class action, as opposed to the other five, somehow was a catalyst, which the Supreme Court rejected in the jury for attorney. That's a matter of federal law. That's under federal law. Under Magnuson-Moss action, it would apply as well. So we have one federal claim that was sold for jurisdiction. Under that statute, fees would be barred by the Buchanan case from the Supreme Court. And going back to Judge Berry's point, we have a California statute. Well, that might depend on whether it's substantive or procedural. In that issue, whether it's substantive or procedural, going back to this point that Judge Berry made, that to say that California law out of the 52 jurisdiction laws that were invoked, when there was never an adjudication of that California claim, never even really a pleading, a mention, or an analysis of it, the plaintiffs argued that New Jersey law should apply to everybody in the class. Now they're trying to collect attorney's fees under California law. Going back to Judge Sloviter's question, the fact that you did not object to lack of jurisdiction, the First Amendment complaint then did have more than 100 plaintiffs claiming a class action. And you are saying that because the original complaint didn't satisfy the statute, they couldn't amend it. So what if we look at the First Amendment complaint as a new complaint? What would you object to now? Well, then I would say, Your Honor, I would go to my second point. There's no basis for applying California law here, first of all. Well, but you would say that it's a good complaint. I mean, that's not jurisdictional. Yeah, our jurisdictional argument is based on the time of filing rule, which applies here and requires that we look at the facts as they exist at the time of filing the original complaint. But if we say, okay, the district court had discretion to say, this is an amendment, but I'm not going to consider it an amendment. I'm going to consider it a new complaint and move forward from there. Would you have any objection to that? I would, Your Honor. That would be improper. What? There would have had to have been a refiling of the complaint. The law is very clear in this circuit. The Supreme Court decided to group a data flux case, which was cited in this ConnectU case that the plaintiff brought to the court's attention, belatedly raising the argument that the time of filing rule did apply. But the time of filing rule, the district court has said this amended complaint is a new complaint. I think that would be wrong. There would have to be a new action filed properly. Can't the district court say, I am considering this a new file? No, Your Honor. Why? Because the court does not have jurisdiction to do that yet. A proper complaint is not brought to action. Well, you've got the complaint before you. You've got the parties before you. You say this is a new complaint. That would not be enough, Your Honor. In fact, if you go back and look at all these jurisdictional cases, in the Supreme Court, the group of data flux cases, the most recent case, the case that bonded the jury, the parties were diverse by the time of the jury verdict, and the Supreme Court said there was no subject matter jurisdiction because at the time of filing, there was no diversity there. Judge Roth, under your theory, the district court could have said, You're all here. I've got jurisdiction. We'll consider this. Yeah, but the point is you didn't object for seven years. So if you had objected right away, the district court could have said right away, Okay, this amended complaint is a filing of a new complaint. We will proceed from there. Presumably, although then the plaintiff would have been behind all the other class actions, they might have even fought doing that. But as the court knows, you can raise jurisdictional issues at every moment at any time. Judge Sloboda raised the question of why did you wait so long, and it seems to me that there is prejudice to the plaintiffs from you having waited so long. Well, Your Honor, prejudice is not part of the jurisdictional inquiry, and this issue was not focused on, but there were many things going on that the case went on and on. You mean you people didn't focus on it. When you put it in the passive sentence, you say it was not focused on. Yes, Chrysler did not focus on it and then realized there was no jurisdiction in it. It would have been better had it been raised earlier because then there wouldn't have now been almost 14 years of litigation. I agree it would have been better. But as for the legal issue, there's no jurisdiction. I think I'm running out of time. But I do think that it goes to the power of the district court, and that led to this bizarre situation where we have fees being awarded under California law and the court should reverse the fee award and vacate it. Thank you. Thank you. Okay. That's fine. We have questions to ask you on the title. Mr. Hufford? Yes, ma'am. This is the court. I'm here on behalf of the plaintiffs. There are two issues. You better put your full name on it. Pardon? Put your full name on it. You said you're here. I'm sorry, Your Honor. My name is Brian Hufford on behalf of the plaintiffs. Let me ask you, at the very beginning, the question that Judge Barry asked Chrysler, which I think I would like you to answer. What is this case doing in New Jersey? Your Honor, this case was originally filed in October 1995. In New Jersey? In New Jersey with New Jersey plaintiffs as well as many other plaintiffs from around the country. Okay. This is a substantive case challenging defective breaks all across the country. Why? Which substantive law are you claiming, which state substantive law are you claiming was violated? The allegation that we claim was first under the Magnuson-Moss Act and then under the state laws of fraud, deception, and improvided express warrant. Which state? Of each of the members of the class. It would be all 52. 52 states. Yes. Okay. In that case, then why would you use the attorney's fee statute from one, only one, of the states? Well, Your Honor, because the law completely allows us to do it. What happened was we initially... If I could explain, Your Honor. What? That's my fundamental... What law? What statute? We initially filed the claim for attorney's fees under Magnuson-Moss, and under federal authority at that time, including the Baumgartner case that Judge Sloboda wrote, specifically allowed the catalyst theory to apply. We filed this case... And the Supreme Court has now told us it can't. And the Supreme Court said no. We then said, well, we still were the catalyst. We're still the cause of Pricer issuing these two recalls worth $54 million. Twenty-five of our named plaintiffs in California, under this case, and Pricer argued this and the District Court Judge Lithman argued it, you have to apply state laws for every one of the plaintiffs. Well, now, hold on. Are you claiming, then, that you're entitled under that very strange, unique California statute, that that applies to the fees only with respect to those plaintiffs that are from California? Because if you apply the state... As I understood what you just said, you apply state law for each of the plaintiffs. But California is unique in that strange statute. What this case provides, and what the District Court Judge Lithman held, and what Pricer argued, and the reason why we lost class certification, is because you have to apply the state laws for each plaintiff. Therefore... That's why they argued, in support of their motion to deny certification, they argued that, not that those laws should apply if there was no class, but that's why there should not be a class, because you'd have to apply the law of 52 jurisdictions for, quote-unquote, hundreds of thousands of plaintiffs. Yes, so once the class is denied, for the 25 named California residents, if that case had been pursued, California law would apply to those 25. Where is the catalyst theory specifically pled as a matter of California law in any of these complaints? It does not need to be, Your Honor. You don't have to plead it. You can just come in for attorney's fees. Yes, and here's why. New Jersey law, under Rule 442, 9A8, is a specific exception that New Jersey adopted to the American rule. That is where you are allowed to seek attorney's fees. Because you're picking and choosing various states' laws that serve you best. Because the American rule is the law of New Jersey, absent the exceptions. So why not go to the American rule? Anyway, go back to the... I'm sorry, ask her her question, and then I have another one that follows it. The issue is California law applies to those 25 plaintiffs. That is exactly what the law specifies. That's what Chrysler argued. What law specifies that? The common law, under Erie. The common law. Yes, if we're suing Chrysler for fraud, of 52 states? Wait a minute. The applicable common law is all that is pledged, so that it would be the applicable common law of 52 jurisdictions, correct? Correct, initially. But let me explain the issue of the attorney's fees. When you get to the question of attorney's fees for those 25 named plaintiffs in California, it's California law that applies. May I suggest to you that the issue is not Erie, but the issue is choice of law? Correct. So leave Erie, at the moment, out of this, and that choice of law is an issue that has to be decided. How would New Jersey apply its choice of law? And did the district court deal with that? The district court didn't specifically raise the issue of Rule 442-9. It didn't deal with New Jersey choice of law. It didn't do a choice of law analysis. The court ultimately concluded that California law should apply. After a choice of law analysis? The court basically looked at it and said, we are going to be applying California law in this case to those 25 plaintiffs. Isn't that jumping a stage? It may have been, Your Honor. And don't we need to go through that stage? But if you go through that stage, what you come down to is Rule 442-9-8. Rule 442, which states that litigants may obtain attorney's fees, quote, in all cases where counsel fees are permitted by statute, as far as we could tell, the New Jersey Supreme Court has never applied that rule to the fee-shifting rule of another state, as opposed to the New Jersey. In other words, as permitted by statute, has the New Jersey Supreme Court ever said as permitted by statute means any statute of any state? It's New Jersey statute? That's what they're talking about? The New Jersey Supreme Court has not, Your Honor. But numerous appellate decisions in New Jersey have held that it applies. Numerous cases. Don't we have to look to the New Jersey Supreme Court? Well, one case that's critical is not directly on the issue of other states, but on the issue of the applicability of Rule 442-9-8-8, is the Supreme Court decision of McCown-Brand versus Trump-Cassell, 626-A2-425, New Jersey, 1993. Now, one of the critical arguments, Price does not cite a single case that says you cannot apply this rule outside New Jersey. The interesting thing is, A8's an exception to the general rule that there aren't attorney's fees in New Jersey. Well, of course, the American rule. That's an exception. Clearly, the American rule applies. That's why it's referred to in the American rule. But a clear exception in New Jersey is that the statute provides for fees. Isn't this something, perhaps, the district court should consider in the first instance, if we were to determine that New Jersey law applies? Well, if you look at the rule, it's very explicit. And the only argument Pricelar has, the only argument against applying this rule, is that 102-1.5 in California is procedural, not substantive. In the McCown-Brand case in New Jersey, the Supreme Court specifically held that Rule 442-988 applies to procedural statutes, because it held that it applies to New Jersey's frivolous litigation statute. Similarly, and this is an important case, Fegus v. Scott, 597A2-571. Is that in your brief? It's not, Your Honor, because the argument about that this rule only applies to procedure only came up in the reply brief. But you have the ability to write us a letter to say, please take these cases into consideration. I don't remember receiving that from you. We didn't do that only because it was not new authority, Your Honor. It was a new argument made in reply. Well, I know. But you're supposed to bring to our attention any, certainly, state cases that are not in your brief. I strongly suggest that you do that within the next 48 hours. We will, Your Honor. We don't have to sit here and take those citations now. The critical point, and I apologize for not having done that, the critical point is that this rule, under New Jersey, it clearly has been recognized by New Jersey courts as providing an important remedy, has been applied by many appellate division courts in New Jersey outside the state. Do you agree that New Jersey has a strong policy against application of counsel free in this kind of case? Actually, it is not in the case involving consumers. In fact, New Jersey has a very strong argument in favor of attorney's fees for consumers. In New Jersey statutes. They've applied that to New Jersey consumer protection statutes. Correct. But I'll give an example. In the Garcia case, the appellate division court in New Jersey applied 9A8 to apply the laws of Massachusetts, allowed attorney's fees under Massachusetts law. But in doing that, it also acknowledged the consideration of New Jersey law. Here's what it says. Quote, on remand, the court should consider that the purpose of a fee-shifting statute in a consumer statute is to ensure that plaintiffs with bona fide claims are able to find lawyers to represent them, citing the Coleman versus Buell brothers New Jersey Supreme Court case in 1984. What was important there is the court was applying another state's statute under 9A8. It said it applies here, and that's consistent with New Jersey public laws. I don't have a problem with that. The problem I have is no state statute was pled in this case. And there's been no finding as to any state statute. But because of the catalyst here, Your Honor. Just pluck California attorney's fee-shifting provision out of the air. Well, Your Honor, it's not like that simple with 102-1.5. That statute has many serious steps that have to be taken to be entitled. Judge Listler did an exhaustive analysis. Well, wait a minute. But he missed. He inserted a word that's not in the statute. When he permitted attorney's fees in any action anywhere, the word anywhere was left out. He used, he inserted implicitly anywhere, when the statute clearly means an action in California, a California law violation. Well, in this case, again, because California law applied to those 25 plaintiffs, in our case, forced Chrysler to issue recalls that benefited thousands of California plaintiffs. Just because 25 of the more than 100 plaintiffs live in California, that's it? Even though there's no substantive violation of any California law found, nor pled, that they get attorney's fees? Well, that's your position. That's your position. That is our position, Your Honor. And in fact, what the court held under very good authority, that Judge Wilson held, is that there's no need to allocate between the California and the non-California residents. Why? Because of the fact that all the work was done to benefit all the plaintiffs. Now, Chrysler doesn't appeal that argument. You know, arguably, one could say that if you file an action with plaintiffs from all over, you pick. And why did you pick New Jersey?  Well, our initial plaintiff was from New Jersey, Your Honor. Yeah, but 25 are from California. No. I mean. We could have picked many, many places to file, Your Honor. Yeah, and why? That's right. I'm just interested. Why New Jersey? Your venue provision in your initial complaint, certain of the plaintiffs and New Jersey residents, Chrysler maintains offices in this district, receives substantial compensation and profits from sales of Chrysler vehicles in this district, made representations and breach warranties in this district. Moreover, Allied Signal, the manufacturer of the Bendix 10 ABS, has its principal executive office in this district. Thus, much of the discovery and the witnesses are here. So that's a good reason for having brought it here. But you're unwilling to abide by New Jersey's principle, which is that we don't give attorneys fees in this kind of case. And in Garcia, the court was enforcing Chapter 93A of the Massachusetts law. It was enforcing a specific Massachusetts law, and then followed up with the attorney fee provision of that law it was enforcing, which is very different from the situation here. Except in McCown Brand, the Supreme Court of New Jersey made clear that Rule 9A8 applies not only to substantive fee shifting, but also whether procedural fee shifting, including the frivolous statute. The law clearly allows it. And there's not a single case, not a single case, that says the court in New Jersey cannot apply California law in these circumstances. And part of the reason this arose this way, because of the changing of laws in Canada, et cetera, is because we filed this case, and the judge recognized that we obtained a substantial benefit. Chrysler wanted to punish Chrysler. But no other state in the country would allow that, except for California, which doesn't follow the Catalyst Theory. Well, currently, California does not follow it. So I suspect other states will follow that as well. But right now, I agree. It's California that did it explicitly. And that came up in our case. In fact, it was a case against Chrysler, the Graham case, specifically because of their conduct in denying that plaintiffs were Catalysts, when in fact the facts clearly showed they were. And in this case, with 25 named plaintiffs, Judge Liflin clearly had the right to apply California law, whether it's common law claims in California. And he clearly had the right, under New Jersey authority, to apply 102.1.5. Now, I haven't got a chance to focus on the jurisdiction issue. But I think one thing is very important here on jurisdiction. If the court elects to follow the decision of the First Circuit in Connect U v. Zuckerberg, 522 F-382, that resolves the jurisdiction issue. Because in Connect U, which was issued just in this past April after breaching had been done, that held that when a federal question in jurisdiction is at issue, as long as the plaintiff files an amended complaint as of right, prior to any objection being raised to jurisdiction, then for jurisdiction purposes, all you look at is the amended complaint. You don't have to look at the original complaint. And we believe Chrysler is wrong on the argument on the original complaint. But it's irrelevant under Connect U. You simply have to look at the amended complaint. Now, it's very interesting, because Connect U actually followed or adopted much of the analysis from the Third Circuit. In fact, Judge Roth's decision in New Rock Assets back in 1996, in that decision, Judge Roth specifically said that when you look at the time of filing rule, that generally does not apply in a federal question jurisdiction case. It's only rarely applied. And in fact, Your Honor, it did not apply in that case. Because she specifically held we are looking at the amended complaint and found in that case there is no jurisdiction on the amended complaint. But this isn't a federal question case anymore. This is a federal question case for jurisdictional purposes. It was brought under the Magnus Moss Act for jurisdiction. Yeah, but you can't maintain the Magnus. OK. Go ahead. Your time is up. I would direct you to give, without argument, give us a letter within 48 hours with the citations of every state case that you've talked about that you do not have a decree. I will. I think our rules are very clear about that. And you haven't done it. And we really require people to follow our rules. All right. Thank you, Your Honor. Your Honor, if I may, let me start with this New Jersey statute section 4.2. Yeah. As you can see, what the court is focusing on and is concerned that, as Barry said, you didn't start out pushing that issue. Screaming bloody murder, I think, is what I see. Let me try it now. Because I think it is wrong. And plaintiffs never made this argument under this rule 4.42 that counsel just mentioned. What do you mean they never made it? In the district court. They never invoked the rule that counsel just mentioned. Then it's waived. It's waived. We make that point in our requirements. Any issue that is not raised in the district court is just waived. Correct, Your Honor. So everything that we just heard about the New Jersey courts might apply California law under this statute that I mentioned, you can apply to New Jersey. Now, you're telling us that they didn't do it in oral arguments? They didn't do it in their briefs? Not that I know of, Your Honor. We mentioned this on page 21 of our reply brief, that this came up on appeal for the first time, this notion that New Jersey courts would apply this New Jersey procedural statute to apply California law. It was not briefed at all below. Even on appeal, they're not raising the A8 exception. So that's waived. And furthermore, the New Jersey cases, the intermediate court cases, as Judge Roth pointed out, like Garcia, all involved a situation where the P-shifting provision was embedded in the substance of the statute. And that was the law that was being applied. Not one of them involved a situation like this. You say you raised it on what page of your reply brief? On page 21 of our reply brief, where we talk about this new argument that we say, for the first time on appeal, plaintiffs argued that one of the exceptions to Rule 442-9A is relevant. And that was not an issue that Judge Lifflin never had the opportunity to address that. And so that's waived. Oh, it's the wrong page. OK. Thank you. The other point I wanted to make, Your Honor, with respect to those cases, is here, New Jersey law, going back to the choice of law question, because as you pointed out, that is a crucial issue. If we look at traditional principles, New Jersey would apply New Jersey law if it would put aside all the class actions. And that would include New Jersey choice of law provisions. And the New Jersey cases are absolutely clear that key shifting issues are procedural for choice of law, and New Jersey applies New Jersey law, and there's no catalyst. What do we do with the statement in Judge Lifflin's opinion denying class certification? Quote, Breisler argues that a choice of law analysis leads to the conclusion that the law of each plaintiff's home state must be applied because those states have interests that outweigh the interests of New Jersey. Your Honor, I think we clearly stand by that statement. But that would mean there are about four levels of analysis we would have had to go through. California would apply its choice of law provisions, which we never got to. That just brings us back to all those states. Judge Lifflin never went beyond that. And so it's completely consistent with what we're arguing here. I think that's what happened, though. I think that was an argument you've raised that there shouldn't be class certification, because you have to apply the law of 52 jurisdictions. Everybody's taking different positions. There are some people who've never even been armed by the Brakes system, the whole thing, hundreds of thousands of plaintiffs. And then as the case continued, I suppose there was just almost the assumption that if a plaintiff was from a particular state, that state's law would apply. Well, that's the irony, Your Honor. It really didn't. That's where the screaming bloody murder should have come in. No, it's not funny. I mean, this is a 13-year-old case now. No, it's a legitimate point, Your Honor, obviously. But let me just make this point, that the case didn't continue. The plaintiffs dismissed the case years ago, and only through this trying to pick a law. First, they picked the Magnuson Moss Act claim to seek peace. And the district judge denied it under Buchanan. Then they plucked out of thin air California law. And I argued the Graham case back in California, so I know all about it. And it is unique. And so there's no basis for applying California law in this case. New Jersey would apply its own law. There's no catalyst to be. And plaintiffs didn't make this argument under Section 442. Yeah, you didn't say that until you just got up. And you do have it in your brief, not without the right brief. But I can't understand why you didn't put that in your principal argument. Because we didn't know they were going to make the argument, Your Honor. They had made it below. So this came out of the blue to us. All of a sudden, they're making an argument. No, no. I'm not saying why didn't you do it in your reply brief. Why didn't you do it in your principal argument before us? Because they had not. I didn't know they were going to make this argument. Well, but that's the only basis on which the district court awarded the $4 million fee that you're objecting to. No, no. He didn't invoke New Jersey law. He just said California Section 1021.5 applies. He acted as though he were in California and applied that law. Which is wrong. And the court should reverse and vacate the case. Well, what do you think we should do? Do you think we should send it back to the district court to consider New Jersey law? Or should we decide it as a matter of law? I think the court should find that that argument about New Jersey law was waived. The plaintiffs argued against New Jersey law by they were wrong. This case has gone on and on. It's exactly. And one point I wanted to make before I sit down. This is completely contrary to the Supreme Court, the policy for the federal court. The Supreme Court laid down the mechanics. It's precisely to avoid 10 years of litigation over attorney's fees, major satellite, secondary litigation. But this is no longer a federal case in the sense that whatever common law the plaintiffs purportedly prevailed under, it is a state claim, right? That's what they're referring to. Whether it's breach of warranty, whether it's whatever it is, it's a state claim. Fraud. Fraud. It's a state claim. There were five state claims that Judge Liflin managed to tease out of the complaint. But we don't even know which one of those they allegedly achieved success on. But in any event, it wasn't a federal claim. Well, that's correct, Your Honor. But I have a proposed rule, and it's where, and I have not found a case where any proposal has never happened, where there's a federal question, a federal claim, both at the basis of jurisdiction, assuming there's jurisdiction. And there are state claims that are brought in supplementary. And there is a fee-shifting provision, a federal claim. And the plaintiffs are barred from fees under that claim. It's improper to try to pick out some state claim and get around the federal rule. Particularly in this extraordinary circumstance where we've had no adjudication, not even the identification of a state claim. Under those circumstances, the federal policies are overwhelmingly strong. And we make this point in our brief. And this court has looked at this point about access to the courts and the use of fees. Federal policy trumps here for that reason. So I think the court should, this court, reverse in this major settlement litigation. That's consistent with the Supreme Court's mandate. We would press the court to do that. Thank you very much. We'll take the case under advisement. Thank you, Your Honor.